**HARRIS COUNTY APPRAISAL DISTRICT, Relator,**

v.

**The Honorable Don E. WITTIG, Judge of The 125th District Court of Harris County, Texas, Respondent.**

**No. 01–94–00209–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 28, 1994.

Kenneth Wall/Robert P. McConnell, Houston, for relator

Mary A. Van Kerrebrook, Houston, for respondent.

Before O'CONNOR, DUGGAN and HEDGES, JJ.

**OPINION ON REHEARING**

O'CONNOR, Judge.

Relator, Harris County Appraisal District (the District), moves the Court to rehear its motion for leave to file its petition for writ of mandamus. We deny the motion for rehearing, but withdraw our preceding opinion and substitute the following in its place.

The District asks for leave to file a petition for writ of mandamus to compel respondent, the Honorable Don E. Wittig, Judge of the 125th District Court of Harris County, Texas, to vacate his order reinstating the case of the real party in interest, the HSU Group, Ltd. d/b/a the Canterbury Apartments, a Texas Limited Partnership (HSU). In its

petition for writ of mandamus, the District asserts that respondent's May 25 order is void because it was signed outside the 30–day time period of respondent's plenary jurisdiction.

HSU sued the District alleging that the appraised value of its property for taxation for the year 1992 was excessive. On April 12, 1993, HSU took a non-suit. On May 7, 1993, before an order dismissing the case had been signed, HSU filed a motion to reinstate. On May 20, 1993, the District filed its reply to the motion, objecting to reinstatement on the ground that the court's plenary jurisdiction had expired. On May 25, 1993, respondent, after a hearing, signed an order allowing HSU to withdraw its non-suit and reinstated the case. On July 1, 1993, the District filed its motion to vacate respondent's order. On August 20, 1993, respondent denied the District's motion to vacate.

■ A plaintiff has an absolute right to a non-suit of its case at the moment the plaintiff files the motion with the clerk or makes a motion in open court. *BHP Pet. Co. v. Millard*, 800 S.W.2d 838, 840 (Tex.1990); *Shadowbrook Apts. v. Abu–Ahmad*, 783 S.W.2d 210, 211 (Tex.1990); Tex.R.Civ.P. 162. The trial court loses its plenary power 30 days after it signs the order granting the non-suit (if no motion for new trial is filed), or 75 days after it signs the order (if a motion for new trial is filed). It is the order granting the non-suit, not the filing of the non-suit, that triggers the appellate deadlines.

■ When the court signs an order granting a motion for non-suit, it is simply a ministerial act. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982). Even though the signing of a final order or judgment is merely a ministerial act, it is essential to trigger the appellate timetables. *Avmanco, Inc. v. City of Grand Prairie*, 835 S.W.2d 160, 163–64 (Tex.App.—Fort Worth 1992, appeal dism'd). The date of signing an order of dismissal is significant to the parties, the trial court, and the appellate courts because it begins the countdown of the appellate deadlines and the loss of the trial court's plenary power over the judgment. *See, e.g., H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d

192 (Tex.1963) (the order of the non-suit dismissed the suit and began the appellate timetable); *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 707 (1961) (the time to appeal started to run from the order of dismissal upon a non-suit); *Mackie v. McKenzie*, 872 S.W.2d 11, 12 (Tex.App.—Texarkana 1994, writ requested) (the date of the order on the non-suit established the date for application of the appellate timetable); *McGrew v. Heard*, 779 S.W.2d 455, 456–58 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding) (interlocutory summary judgment became final when the trial court signed an order granting a motion to non-suit the remaining defendants); *Roquemore v. Kellogg*, 656 S.W.2d 646, 649 (Tex.App.—Dallas 1983, no writ) (summary judgment became final when the court's signing of an order granting the plaintiff's motion for non-suit); *Tom Benson Co. v. Ervine*, 574 S.W.2d 221, 221 (Tex.App.—San Antonio 1978, writ ref'd n.r.e.) (interlocutory default judgment became final when the trial court granted the plaintiff's motion for non-suit of the co-defendant).

The signing of the order of non-suit is important for yet another reason. The plaintiff does not have an unqualified right to a dismissal of the entire suit. For example, when the defendant has pending claims for affirmative relief, the plaintiff's request for a non-suit will not result in a dismissal of the entire suit. *General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex.1990). In such case, the trial court by its written order determines what part of the lawsuit is dismissed by the non-suit. Either party can challenge the order of dismissal. *See, e.g, BHP Pet. Co. v. Millard*, 800 S.W.2d 838, 841 (Tex.1990) (plaintiff challenged the trial court's denial of a complete dismissal); *General Land Office*, 789 S.W.2d at 570 (defendant appealed the trial court's dismissal of the entire suit). Only if the trial court resolves the issue of dismissal by a written order do both parties have a final order from which they may appeal.

■ In this case, the respondent did not sign an order granting the non-suit. Thus, the trial court still had jurisdiction over the suit when HSU filed its motion to reinstate.

The District urges us to follow *Merrill Lynch Relocation Mgmt., Inc. v. Powell,* 824 S.W.2d 804, 806 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding), which held that no written order was necessary after the filing of the non-suit to effect a final judgment. We respectfully disagree with that opinion.

The Supreme Court has never said it is not necessary for the trial court to sign an order on the request for a non-suit. *See Greenberg,* 640 S.W.2d at 872. It has repeatedly held to the contrary. *See Felderhoff v. Knauf,* 819 S.W.2d 110, 111 (Tex.1991) (plaintiff could appeal a sanctions only after the trial court signed a final judgment, which in that case was the non-suit); *Shadowbrook Apts. v. Abu–Ahmad,* 783 S.W.2d 210, 211 (Tex.1990) ("No timely appeal bond was filed within 30 days after the dismissal order was signed...."); *Greenberg* (if a trial court refuses to grant a non-suit, it can be challenged by mandamus). In none of the cases— *Greenberg, Shadowbrook Apts.,* or *Felderhoff*—did the Court say, as it could have under the District's interpretation of the law, that the non-suit was effective immediately upon filing and no trial court ruling was necessary.

We deny the District's motion for leave to file its petition for writ of mandamus.