**Affirmed and Memorandum Opinion filed June 26, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00703-CV

**MARK HOSKINS, Appellant**

**V.**

**GULF STREAM COACH, INC. AND HOLIDAY WORLD OF HOUSTON L.P.,**
**Appellees**

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-66069**

## M E M O R A N D U M   O P I N I O N

In this Deceptive Trade Practices-Consumer Protection Act ("DTPA"),[1] fraud, and breach of contract case, appellant Mark Hoskins asserts that the trial court erred by dismissing his claims against Gulf Stream Coach, Inc. ("Gulf Stream") because the forum-selection clause in Gulf Stream's warranty documents, which does not comply with the DTPA's waiver requirements, runs afoul of the DTPA's venue provisions. He further contends that the trial court erred by refusing to reinstate his claims against

---

[1] *See* Tex. Bus. & Comm. Code §§ 17.01–17.926.

Holiday World of Houston L.P. ("Holiday World"), which he voluntarily nonsuited, because he met the requisites for a new trial based on newly discovered evidence. We affirm.

## BACKGROUND

In February 2008, Hoskins, a resident of New Mexico, bought a new recreational vehicle ("RV") from Holiday World in Katy, Texas. This RV had been manufactured by Gulf Stream. The purchase agreement entered into between Hoskins and Holiday World contained the following arbitration clause:

> CONTROLLING LAW, VENUE AND ARBITRATION CLAUSE. Any and all controversy or claim arising out of or relating to this contract, or any claimed breach thereof, shall be resolved by binding arbitration in accordance with the applicable Rules of the American Arbitration Association, by a sole arbitrator, and judgment upon the award rendered by the arbitrator may be entered in any court having Jurisdiction thereof. The controlling law shall be the law of the State of Texas. Venue of any proceeding shall always be in Harris County, Texas, including the arbitration process which is to occur in Harris County, Texas.

That same day, Hoskins also signed Gulf Stream's Limited Warranty, which included the following forum-selection clause:

> 7. JURISDICTION AND APPLICABLE LAW
>
> Exclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture. The laws applicable to any litigation, dispute, mediation, arbitration, or any claim whatsoever arising, from the sale, purchase, or use of the recreational vehicle shall be those of the State of Manufacture. The State of Manufacture of the recreational vehicle is Indiana.

Shortly after purchasing the RV, Hoskins allegedly began experiencing problems with it. He claims that he attempted to return the RV to Holiday World, but a Holiday World employee assured him that the problems could be easily remedied.

In October 2009, Hoskins sued Holiday World of Houston, LLC and Gulf Stream for recission and several DTPA claims. Holiday World intervened, correcting its name,

and filed a cross action against Gulf Stream for indemnity. Relying on the forum-selection clause excerpted above, Gulf Stream moved to dismiss the claims against it. Holiday World filed a motion to compel binding arbitration. Hoskins opposed arbitration and sought a continuance for discovery prior to the hearing on Gulf Stream's motion to dismiss and Holiday World's motion to compel arbitration. The trial court continued the hearing on the motion to compel arbitration, permitting limited discovery "specifically directed to the arbitration agreement." Holiday World was not required to respond to "merits-based discovery."

In April 2010, Hoskins withdrew his opposition to arbitration and entered into an agreed order compelling binding arbitration and staying the suit. On April 22, the trial court ordered Hoskins and Holiday World to proceed to arbitration and stayed the proceedings as to those two parties. In the arbitration proceedings, Hoskins and Holiday World agreed to dismiss arbitration pending resolution of Hoskins claims against Gulf Stream. This December 2010 agreement provided as follows:

> [T]he current arbitration . . . will be dismissed pending resolution of MARK HOSKINS['] claim against the manufacturer. . . . If the manufacturer GULF STREAM COACH, INC. goes out of business or bankrupt such that an award or Judgment to MARK HOSKINS and against the manufacturer GULF STREAM COACH, INC. is not collectible in full in a reasonable time, then and in that event MARK HOSKINS may proceed in arbitration against HOLIDY WORLD OF HOUSTON, LP. Any dispute as to construction or interpretation of this agreement, including what is a reasonable time, shall be submitted to the present arbitrator . . . for determination.
>
> No prejudice to MARK HOSKINS results from this agreement unless one or more of the following two events occur:
>
> 1. MARK HOSKINS settles with the manufacturer. . . .
>
> 2. MARK HOSKINS does not prevail as against the manufacturer. . . .
>
> *MARK HOSKINS may not proceed against HW and shall release HW in the event of 1 or 2 above occurring.*
>
> 3. If MARK HOSKINS wins against the manufacturer in that MARK HOSKINS has any recovery of any amount of damages or other relief

3

against the manufacturer GULF STREAM COACH, INC.; and then, thereafter, the manufacturer . . . goes out of business or bankrupt such that MARK HOSKINS' award or judgment is not fully collectible; then, if that occurs, MARK HOSKINS may then proceed with the arbitration claim . . . against HOLIDAY WORLD OF HOUSTON, LP.; Alternatively, the parties may agree to use the American Arbitration Association rules and self administer the binding arbitration process . . . . *By Agreement the statute of limitations is extended to 2015.*

(emphasis added). In January 2011, Hoskins moved to dismiss without prejudice Holiday World from the lawsuit. Holiday World also nonsuited its indemnification claims against Gulf Stream in January 2011.[2] The trial court signed an order dismissing Holiday World without prejudice from the lawsuit later that month.

Several months later, on May 20, 2011, after a hearing, the trial court granted Gulf Stream's motion to dismiss based on the forum-selection clause in the warranty paperwork.[3] On June 16, 2011, Hoskins filed a document entitled "PLAINTIFF'S SUPPLEMENTAL PETITION AGAINST HOLIDAY WORLD OF HOUSTON, L.P. AND GULF STREAM COACH, INC. AND MOTION FOR WITHDRAWAL OF ORDER DISMISSING HOLIDAY WORLD OF HOUSTON, L.P. WITHOUT PREJUDICE FROM THIS SUIT AND RESCISSION OF THE PARTIES' AGREEMENT TO DISMISS HOLIDAY WORLD OF HOUSTON, L.P. DUE TO FRAUDULENT INDUCEMENT BY HOLIDAY WORLD OF HOUSTON, L.P." (the "supplemental petition"). He also filed a motion to reconsider the trial court's dismissal of Gulf Stream.

---

[2] The record reflects that the trial court signed orders granting Holiday World's "Nonsuit of Cross Action Without Prejudice" of its claims for indemnification against Gulf Stream on January 5th and 6th, 2011. Holiday World nonsuited its intervention in June 2011, but this later nonsuit appears to be of no effect because Holiday World had already nonsuited its claims against Gulf Stream and had no other pending claims against any party.

[3] During the pendency of this appeal, Hoskins filed a motion to abate pursuant to Texas Rule of Appellate Procedure 27.2. Hoskins asserted that there was no final judgment in the court below. We denied this motion in December 2011 because the May 20, 2011 order dismissing Gulf Stream from the proceedings, coupled with Hoskins' nonsuit of Holiday World and Holiday World's nonsuit of its cross-claims against Gulf Stream, constituted a final judgment. *See, e.g.*, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (stating that a judgment that finally disposes of all remaining parties and claims, based on record in the case, is final regardless of its language).

In the supplemental petition and the motion to reconsider, Hoskins alleged that he had been fraudulently induced into purchasing the RV and into entering into the agreement to dismiss Holiday World from the lawsuit and arbitration. He based his allegations on documents he had obtained from Gulf Stream during discovery indicating that Holiday World had had Gulf Stream repair defective wiring in the RV Hoskins had later purchased. According to Hoskins, these documents established that both Holiday World and Gulf Stream were aware that the RV was defective before he purchased it. In the supplemental petition, Hoskins asserted fraudulent inducement claims against both Holiday World and Gulf Stream as to his purchase of the RV, as well as a claim that Holiday World had fraudulently induced him to agree to dismiss it from the lawsuit and from arbitration. On June 27, 2011, Hoskins filed a notice of submission, stating that his supplemental petition would be heard by submission on July 11, 2011. On July 7, 2011, Hoskins filed a "FIRST SUPPLEMENT TO PLAINTIFF'S MOTION FOR WITHDRAWAL OF ORDER DISMISSING HOLIDAY WORLD OF HOUSTON, L.P. WITHOUT PREJUDICE FROM THIS SUIT AND RESCISSION OF THE PARTIES' AGREEMENT TO DISMISS HOLIDAY WORLD OF HOUSTON, L.P. DUE TO FRAUDULENT INDUCEMENT BY HOLIDAY WORLD OF HOUSTON, L.P.," accompanied by an affidavit because he "was advised by the Court that he would not be granted a hearing, but the Court would consider his Motion by Submission." The trial court signed an order denying Hoskins' Motion for Reconsideration as to Gulf Stream on August 1, 2011. That same day, it also signed an order denying Hoskins "Motion for Withdrawal of Order and Recission of Agreement filed June 16, 2011." This appeal timely followed.

## ANALYSIS

### A.    Hoskins' Claims Against Gulf Stream

In his first issue, Hoskins asserts that the trial court erred in dismissing his claims against Gulf Stream because the mandatory venue provision of the DTPA guarantees him a right to venue in Harris County. He bases his assertion on the argument that the failure

5

of Gulf Stream's forum-selection clause to comply with the DTPA's anti-waiver provision violates Texas public policy and invalidates the clause. We review a trial court's grant of a motion to dismiss based on a forum-selection clause under an abuse-of-discretion standard. *Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc.*, 234 S.W.3d 679, 687 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Hoskins has not asserted that the claims at issue in this case do not fall within the parameters of the forum-selection clause in the Gulf Stream warranty. Instead, he contends that the venue provision of the DTPA guarantees him venue in Harris County.[4] We disagree.

Forum and venue are separate but related concepts. "Forum" refers to a sovereign, typically a state in our system of civil justice. *E.g.*, *In re Great Lakes Dredge & Doc Co., L.L.C.*, 251 S.W.3d 68, 73–74 (Tex. App.—Corpus Christi 2008, orig. proceeding). "Venue," on the other hand, concerns the propriety of prosecuting a case within a particular forum. *E.g.*, *id.* Here, Hoskins asserts that because the DTPA provides for venue in Texas, it must follow that Texas is an appropriate forum for all DTPA claims. But Hoskins begs the question: venue determinations *follow* forum selection. In other words, for a Texas venue statute to apply, Texas must first be the appropriate forum. *See id.* Here, it is undisputed that the warranty documents contain a forum-selection clause mandating Indiana as the forum for any disputes. Thus, because Texas is not a proper *forum* for his dispute with Gulf Stream, the mandatory *venue* provision of the DTPA is never triggered.

Hoskins further argues that because the forum-selection clause in the Gulf Stream warranty, to which he agreed, waives his right to venue under the Texas DTPA, it must comply with the waiver provision of the DTPA. *See* Tex. Bus. & Com. § 17.44(a) (stating that a waiver by a consumer of any *provisions* of the DTPA is contrary to public policy and unenforceable unless certain requirements are met). But because Texas *venue*

_____

[4] *See* Tex. Bus. Comm. Code § 17.56 ("Except as provided by Article 5.06-1(8), Insurance Code, an action brought which alleges a claim to relief under Section 17.50 of this subchapter shall be brought as provided by Chapter 15, Civil Practice and Remedies Code."). Chapter 15 of the Texas Civil Practice and Remedies Code is entitled "Venue" and sets out various venue provisions, both mandatory and permissive. *See* Tex. Civ. Prac. & Rem. Code §§ 15.001–.100.

6

is never at issue, the waiver provisions of the DTPA do not apply, and Hoskins has not "waived" them. *Cf. Accelerated Christian Education, Inc. v. Oracle Corp.*, 925 S.W.2d 66, 74 (Tex. App.—Dallas 1996, no pet.) (concluding that forum-selection clause specifying that parties would litigate in a forum other than Texas did not constitute an impermissible waiver of rights under the DTPA), overruled in part on other grounds by *In re Tyco Electronics Power Systems, Inc.*, No. 05–04–01808–CV, 2005 WL 237232 (Tex. App.—Dallas Feb.2, 2005, orig. proceeding) (mem. op.).

In sum, Hoskins has not challenged the validity of the forum-selection clause except through the logically fallacious assertions that (a) because the DTPA contains a mandatory venue provision, Texas must be an appropriate forum for his DTPA claims and (b) because by selecting a *forum* other than Texas necessarily waives his DTPA *venue* rights, the forum-selection clause must comply with the waiver provision of the DTPA, which it does not. For the foregoing reasons, we reject these arguments. Accordingly, we overrule Hoskins' first issue.

## B. Hoskins' Claims Against Holiday World

In his second issue, Hoskins asserts that the trial court erred by denying his motion for new trial regarding his nonsuit of Holiday World because he met the requirements for a new trial based on newly-discovered evidence. However, as discussed above, Hoskins voluntarily nonsuited his claims against Holiday World in January 2011. If a claim is timely nonsuited, the controversy as to that claim is extinguished, the merits become moot, and jurisdiction as to the claim is lost. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam).

Upon realizing the impropriety of a nonsuit, however, a plaintiff may move the court to reinstate the cause or for a new trial. *See Harris County Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 194 (Tex. App.—Houston [1st Dist.] 1994, no writ). The court has the discretion to permit reinstatement when appropriate. *See Griffin v. Miles*, 553 S.W.2d 933, 935 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ dism'd) (stating that

whether to reinstate lies within the trial court's sound discretion). As indicated by Hoskins' pleadings in the court below, Hoskins sought reinstatement of his claims against Holiday World based on his allegation that Holiday World had fraudulently induced him to nonsuit it from the case. Thus, we consider whether the trial court abused its discretion by refusing to reinstate Hoskins' claims against Holiday World.

Here, as discussed above, Hoskins and Holiday World entered into an arbitration agreement. Hoskins agreed that he would not pursue claims against Holiday World if he were unsuccessful in his suit against Gulf Stream. When he entered into this arbitration agreement, Gulf Stream's motion to dismiss was pending before the trial court, and Hoskins was represented by counsel. Hoskins was unsuccessful in his suit against Gulf Stream. Under these circumstances, we cannot say the trial court abused its discretion by refusing to reinstate Hoskins' claims against Holiday World. *See id.*; *see also Williams v. McManemy*, No. 14-06-00876-CV, 2009 WL 838139, at *5 (Tex. App.—Houston [14th Dist.] March 31, 2009, pet. denied) (mem. op.).

Moreover, even if we consider Hoskins supplemental petition a motion for new trial, a party seeking a new trial on grounds of newly-discovered evidence must establish that (1) the evidence has come to his knowledge since the trial, (2) the failure to discover the evidence sooner was not due to a lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably result in a different outcome if a new trial were granted. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). We review the denial of such a motion for new trial for an abuse of discretion. *Id.*

As noted above, Hoskins filed his supplemental petition/motion for new trial on June 16, 2011. Hoskins asserts that he is entitled to a new trial because the documents produced by Gulf Stream during discovery indicated that both Gulf Stream and Holiday World were aware that the RV he purchased had electrical problems before he purchased it. As discussed above, prior to a hearing on Holiday World's motion to compel arbitration, Hoskins was permitted a continuance for limited discovery "specifically directed to the arbitration agreement." These documents are "merits-based discovery"

8

rather than documents "specifically directed to the arbitration agreement." Hence, there is nothing to indicate that these documents were discoverable prior to arbitration. Additionally, Hoskins supplemental motion and affidavit were filed on July 7, 2011, more than thirty days after the final judgment dismissing Gulf Stream was signed in this case. "Read together, Rules 5, 329(b) and 329b(3) demonstrate that an amended motion for new trial filed more than thirty days after the trial court signs a final judgment is untimely." *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). Finally, we note that, as part of the arbitration agreement Hoskins entered into with Holiday World, he agreed to arbitrate any disputes with Holiday World. The parties also agreed that the statute of limitations for arbitration would be extended until 2015. Thus, Hoskins may pursue any claims he has against Holiday World through arbitration. For these reasons, we cannot say that the trial court abused its discretion in denying Hoskins' motion. *See, e.g.*, *Martini v. City of Pearland*, No. 14-11-00111-CV, 2012 WL 1345744, at *7–8 (Tex. App.—Houston [14th Dist.] April 17, 2012, no pet. h.) (mem. op.) (emphasizing that determination of motion for new trial based on newly-discovered evidence is matter generally left to sound discretion of trial court).

Because Hoskins has not established that the trial court abused its discretion in either (a) refusing to reinstate his claims against Holiday World or (b) denying his supplemental petition/motion for new trial, we overrule Hoskins' second issue.

**CONCLUSION**

We have overruled Hoskins' two issues on appeal. We affirm the trial court's judgment.

/s/    Adele Hedges
Chief Justice

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.