**Affirmed and Memorandum Opinion filed January 24, 2013.**



In The

## Fourteenth Court of Appeals

———————————

### NO. 14-12-00166-CV

———————————

### PATRICIA SALVATO, M.D., Appellant

### V.

### MICHELLE WINSMANN F/K/A MICHELLE NAQUIN, Appellee

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2011-37079**

## M E M O R A N D U M   O P I N I O N

This appeal involves a claim for attorney's fees in connection with a health care liability action. We affirm the trial court's order.

### Background

Michelle Winsmann f/k/a Michelle Naquin filed a health care liability claim on June 21, 2011 against Patricia Salvato, M.D. and several other defendants who are not parties to this appeal. In her pleading, Winsmann alleged that she

"received outpatient services at Quality Infusion Care for a routine CytoGam for her chronic medical condition" on November 14, 2008 and suffered an adverse reaction.

On October 24, 2011, Salvato filed a motion to dismiss Winsmann's health care liability claim for failure to provide an expert report pursuant to Texas Civil Practice and Remedies Code Section 74.351(b). Salvato also requested that the trial court award her attorney's fees and court costs.

On November 17, 2011, Winsmann filed a notice of nonsuit without prejudice to refile.

On November, 18, 2011, the trial court signed an order stating, "[T]his Court is of the opinion that Defendants' Motion to Dismiss should be Denied in part as to attorney's fees and Moot as to dismissal in light of Plaintiff's nonsuit."

On December 8, 2011, Salvato filed a Motion for Rehearing on Defendant's Motion for Attorney's Fees. On February 9, 2012, Winsmann filed a Response and Objection to Defendant's Motions for Reconsideration of Order Denying Claims for Attorney's Fees.

On February 15, 2012, Salvato filed a Notice of Interlocutory Appeal pursuant to Texas Civil Practice and Remedies section 51.014(a)(9) "from an order denying award of attorney's fees and costs of court in connection with Defendant's Motion to Dismiss for Failure to Provide Expert Report entered in this action on or about the 18th day of November, 2011."

On March 22, 2012, Salvato filed an appellate brief in which she argued that the trial court abused its discretion in denying her request for attorney's fees because she is entitled to fees under section 74.351(b).

On March 29, 2012, this court issued an order (1) abating and remanding the

2

case to the trial court for 30 days for the trial court to sign an order of nonsuit; and (2) ordering Salvato to "file an amended notice of appeal to reflect that the order being appealed is a final order and the appeal is not accelerated."

On April 23, 2012, Salvato filed an amended notice of appeal stating that she appeals from a "final order denying award of attorney's fees and costs in connection with Defendant's Motion to Dismiss for Failure to Provide Expert Report." Salvato also stated that (1) the trial court "did not sign a final order acknowledging the non-suit of Plaintiff's cause of action against Defendant;" (2) she filed a motion for rehearing within 30 days of the trial court's final order denying an award of attorney's fees; (3) her "notice of appeal was incorrectly designated as an interlocutory appeal . . . when in fact it was an appeal of a final judgment" and was a timely filed within 90 days of the trial court's "final order denying attorney's fees;" and (4) the trial court "will not sign a final order of non-suit."

On May 18, 2012, the trial court signed a Final Appealable Order in response to this court's abatement order. The Final Appealable Order states that (1) the trial court has not ruled on Salvato's motion for reconsideration and that "the motion appears to remain pending before the Court;" (2) the trial court finds sufficient evidence that Salvato incurred legal fees and that a reasonable attorney's fee for Salvato is $600; (3) Salvato's Motion for Reconsideration of Defendant's Motion for Attorney's Fees is granted; (4) although "no party ever tendered an order of nonsuit to the Court for signature" or "ever set the matter of entering an order of nonsuit for consideration by this Court for oral hearing or written submission," "the Court acknowledges the filing of Plaintiff's notice of Nonsuit" and therefore dismisses Winsmann's claims without prejudice; (5) it disposes of all remaining claims or requests for affirmative relief that remained pending against

3

any party prior to entry of the order.

## Analysis

In her initial appellate brief, Salvato contends that the trial court abused its discretion by denying her request for attorney's fees under section 74.351(b). *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (Vernon 2011). In her supplemental brief, Salvato argues that the trial court lacked plenary power to sign its May 18, 2012 Final Appealable Order and award her attorney's fees[1] because "the trial court's plenary power had already expired as it had not determined the request [for attorney's fees] within 75 days of its final judgment issued on February 29, 2012 as required by Texas Rule of Civil Procedure 329b(c)." According to Salvato, the trial court signed a final judgment when it granted a co-defendant's motion to reconsider denial of attorney's fees and awarded the co-defendant the requested attorney's fees. Therefore, according to Salvato, the trial court's Final Appealable Order "was issued seventy-eight days later on May 18, 2012 which was three days after the expiration of the trial court's plenary power."

Generally, plaintiffs have the right under Texas Rule of Civil Procedure 162 to take a nonsuit at any time until they have introduced all evidence other than rebuttal evidence. *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding); *see* Tex. R. Civ. P. 162. Any dismissal pursuant to Rule 162 shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief. Tex. R. Civ. P. 162. A dismissal under Rule 162 shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court. *Id*.

---

[1] Salvato contends that, before the trial court signed its May 18, 2012 Final Appealable Order, she and Winsmann's counsel agreed to the payment of a greater attorney's fee amount than the amount ultimately awarded by the trial court.

"[T]he signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires." *In re Bennett*, 960 S.W.2d at 38. "The trial court loses its plenary power 30 days after it signs the order granting the non-suit (if no motion for new trial is filed), or 75 days after it signs the order (if a motion for new trial is filed)." *In re Jamea*, 2010 WL 2968044, at *4 (Tex. App.—Houston [14th Dist.] July 29, 2010, orig. proceeding) (quoting *Harris Cnty. Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 194 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding)).

The trial court signed an order dismissing Winsmann's claims "in accordance with Rule 162" on May 18, 2012. That date is "the starting point for determining when the trial court's plenary power expires." *See In re Bennett*, 960 S.W.2d at 38. Therefore, the trial court had plenary power to sign the Final Appealable Order on May 18, 2012. Accordingly, we reject Salvato's contention in her supplemental appellate brief that the trial court acted after its plenary power expired. We also reject Salvato's complaint in her initial appellate brief that the trial court abused its discretion by failing to award her attorney's fees pursuant to section 74.351(b) because the trial court awarded her $600 in attorney's fees in its May 18, 2012 Final Appealable Order.

We overrule the issues Salvato raised in her initial and supplemental appellate briefs.

## Conclusion

We affirm the trial court's order.

/s/    William J. Boyce
       Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

5