**Opinion issued December 20, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00851-CV

———————————

**MARK TRIMBLE, AS ASSIGNEE OF I.B. HENDERSON AND MILDRED HENDERSON, Appellant**

**V.**

**FINANCIAL FREEDOM SENIOR FUNDING CORPORATION, A SUBSIDIARY OF INDYMAC BANK F.S.B., Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Case No. 14-CV-0609**

---

## O P I N I O N

Appellant, Mark Trimble, as assignee of I.B. Henderson and Mildred Henderson (collectively, the "Hendersons"), challenges the trial court's order denying the Hendersons' motion to reinstate their suit to "bar[] . . . foreclosure" and

declaratory-judgment action against appellee, Financial Freedom Senior Funding Corporation, a subsidiary of IndyMac Bank F.S.B. ("Financial Freedom"). In his sole issue, Trimble contends that the trial court erred in denying the motion to reinstate.

We reverse and remand.

## Background

In their petition, the Hendersons alleged that they own a home located at 1608 Alaska Street, League City, Texas (the "property").[1] On or about October 25, 2004, they executed "a home equity conversion mortgage . . . and [a] security instrument . . . in the amount of $148,500." Subsequently, Financial Freedom "attempt[ed] to foreclose" on the home equity conversion mortgage, but never sent a proper Notice of Default or a Notice of Acceleration to the Hendersons.

The Hendersons further alleged that Financial Freedom was barred from foreclosing on the property because it did not obtain an order to foreclose.[2] They sought a declaratory judgment specifying the parties' rights and duties in connection with the home equity conversion mortgage and security instrument, clarifying

---

[1]  We note that several lawsuits involving the property have been filed. An opinion related to the property is issuing today from this Court in *Trimble v. Federal National Mortgage Ass'n*, No. 01-15-00921-CV. Another appeal is pending in the Fourteenth Court of Appeals in *Trimble v. OneWest Bank*, No. 14-16-00641-CV.

[2]  *See* TEX. R. CIV. P. 735 ("Foreclosures Requiring a Court Order"), 736 ("Expedited Order Proceeding").

whether Financial Freedom had "the authority to conduct any purported foreclosure sale," and barring Financial Freedom from conducting the scheduled foreclosure sale.[3]  The Hendersons also requested their attorney's fees.

On August 25, 2014, the Hendersons filed with the trial court a "Notice of Non-Suit Without Prejudice," "dispos[ing] of th[eir] action [against Financial Freedom] in its entirety."  The trial court did not sign an order dismissing the Hendersons' suit,[4] and the Hendersons on September 29, 2014, filed a "Notice of Withdrawal of Plaintiffs' Notice of Non-Suit Without Prejudice," asserting that their former counsel had filed the "Notice of Non-Suit Without Prejudice" without informing them.  Moreover, they had only recently learned of the filing; they are "elderly and liv[ing] out of state"; they "never agreed to a non-suit and want to pursue th[eir] case"; and "[n]o final order granting the non-suit ha[d] ever been

---

[3]    *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011 (Vernon 2015).

[4]    We note that the granting of a non-suit is a ministerial act and "a plaintiff's right to a nonsuit exists from the moment the written motion is filed or an oral motion is made in open court." *In re Greater Hous. Orthopedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009); *see also Harris Cty. Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 194 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).  However, the signing of an order of non-suit triggers appellate deadlines, controls the trial court's loss of plenary power, and "determines what part of the lawsuit is dismissed by the non-suit." *Harris Cty.*, 881 S.W.2d at 194; *see also Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006).

3

signed."[5] The Hendersons further stated that they were "withdrawing the previously filed 'Plaintiffs' Notice of Non-Suit Without Prejudice.'"

The Hendersons then filed a verified "Motion to Reinstate," requesting that the trial court reinstate their action. They again asserted that their former counsel had "filed [the] unauthorized Notice of Non-Suit," "no order or judgment allowing the [n]on-[s]uit was ever signed," and there had been no conscious indifference on their part. The trial court denied the motion.

### Standard of Review

We review an order denying a motion to reinstate for an abuse of discretion. *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995); *Enriquez v. Livingston*, 400 S.W.3d 610, 614 (Tex. App.—Austin 2013, pet. denied); *see also Griffin v. Miles*, 553 S.W.2d 933, 935 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ dism'd by agr.) (whether to reinstate non-suited claim lies within trial court's sound discretion). A trial court abuses its discretion when it acts "arbitrarily or unreasonably, without reference to guiding rules or principles." *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The mere fact that a trial court may decide a matter within

---

[5] We note that previously, on September 24, 2014, the Hendersons filed a document titled, "Motion," in which they also stated that although they had "learned [that day] from opposing counsel that their [former] [c]ounsel [had] filed a Notice of Non-Suit in th[e] matter," they "d[id] not wish to dismiss or non-suit th[e] matter." The record does not indicate that the trial court ever ruled on this motion.

its discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer*, 701 S.W.2d at 242.

### Non-Suit

In his sole issue, Trimble argues that the trial court erred in refusing to reinstate the Hendersons' suit because the "Notice of Non-Suit Without Prejudice" was filed by their former counsel without their knowledge or permission.

"At any time before [a] plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit . . . ." TEX. R. CIV. P. 162. A plaintiff has an absolute right to a non-suit of his case at the moment he files the motion with the clerk or makes a motion in open court, and a trial court is without discretion to refuse an order dismissing a case because of a non-suit, unless collateral matters remain. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006); *CHCA Woman's Hosp., L.P. v. Lidji*, 369 S.W.3d 488, 492 (Tex. App.—Houston [1st Dist.] 2012), *aff'd*, 403 S.W.3d 228 (Tex. 2013); *Harris Cty. Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 194 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding). In other words, "[a] nonsuit extinguishes a case or controversy from the moment the motion is filed or an oral motion is made in open court; the only requirement is the mere filing of the motion

with the clerk of the court." *Travelers Ins.*, 315 S.W.3d at 862 (internal quotations omitted); *see also CHCA Woman's Hosp.*, 369 S.W.3d at 492; *Trigg v. Moore*, 335 S.W.3d 243, 245 (Tex. App.—Amarillo 2010, pet. denied) ("It has long been the law that a motion for nonsuit is effective the moment it is filed.").

However, there are "procedural devices . . . available to reverse a prior decision to nonsuit and resurrect [a plaintiff's] original claim, so long as the trial court has plenary power over [a] case." *Braglia v. Middleton*, No. 13-10-00101-CV, 2012 WL 664947, at *2 (Tex. App.—Corpus Christi Mar. 1, 2012, no pet.) (mem. op.); *see also Quanto Int'l. Co. v. Lloyd*, 897 S.W.2d 482, 485 (Tex. App.—Houston [1st Dist.] 1995, no pet.) ("A court retains plenary power to reinstate a cause after a nonsuit."); *Mo. Pac. R.R. Co. v. Whitaker*, 815 S.W.2d 348, 349 n.2 (Tex. App.— Tyler 1991, orig. proceeding) (trial court did not lose jurisdiction over case "the instant [the plaintiff's] motion for nonsuit [was] filed"; rather, "[u]pon the plaintiff's timely filing of a motion to reinstate, the trial court may . . . reinstate a cause of action previously dismissed by voluntary nonsuit"). For instance, upon realizing the impropriety of a non-suit, a plaintiff may move the trial court to reinstate the cause or for a new trial. *See Trigg*, 335 S.W.3d at 246 (options available to plaintiff who "realiz[ed] the impropriety of nonsuiting his action"); *see also Braglia*, 2012 WL 664947, at *2 ("[A] plaintiff may reassert his claim by filing a motion for new trial, by filing a motion to reinstate or withdraw the nonsuit, or by agreement of the

6

parties."); *Golodetz Trading Corp. v. Curland*, 886 S.W.2d 503, 504 (Tex. App.—Houston [1st Dist.] 1994, no writ) (plaintiffs allowed to move to withdraw their non-suit); *Harris Cty.*, 881 S.W.2d at 194 (plaintiff filed motion to reinstate to withdraw his non-suit). And a trial court has the discretion to permit reinstatement when appropriate. *See Trigg*, 335 S.W.3d at 246; *Griffin*, 553 S.W.2d at 935; *see also Braglia*, 2012 WL 664947, at *2 ("Each of the[] methods to reinstate remains within the trial court's sound discretion to grant or deny.").

Here, the Hendersons filed a verified "Motion to Reinstate," stating that their former counsel was not authorized to file the "Notice of Non-Suit Without Prejudice," and although "no order or judgment allowing the [n]on-[s]uit was ever signed," the trial court had removed "th[e] matter . . . from the court's docket." The Hendersons requested that the trial court reinstate their action, and Financial Freedom did not object or respond to the Hendersons' motion.

The Dallas Court of Appeals was recently presented with a situation similar to that in the instant case. *See Gonzalez v. Gonzalez*, No. 05-14-01361-CV, 2015 WL 9481239 (Tex. App.—Dallas Dec. 29, 2015, pet. denied) (mem. op.). There, the plaintiff's attorney stated on the record, prior to trial, that he wanted to "nonsuit[] the plaintiff's claims." *Id.* at *1. The plaintiff, however, subsequently advised the trial court that "she had not given authorization for the nonsuiting of her case." *Id.* at *2. Thus, the trial court reinstated the non-suited matter and proceeded with trial.

7

*Id.* When the defendants, on appeal, contended that the trial court had erred in not dismissing the plaintiff's case after it had been non-suited, the appellate court explained that the trial court had not abused its discretion in reinstating the plaintiff's case because "the motion for nonsuit was essentially a misstatement by [the plaintiff's] counsel made without his client's authority" and the defendants' attorney did not indicate to the trial court that he opposed a reinstatement. *Id.* at *1–2.

In the instant case, when the Hendersons filed their "Motion to Reinstate," the trial court had not signed an order granting the "Notice of Non-Suit Without Prejudice." Thus, it still had jurisdiction over the Hendersons' suit and the power to reinstate their case.[6] *See Harris Cty.*, 881 S.W.2d at 194 (because trial courts lose their "plenary power 30 days *after* . . . sign[ing] [an] order granting non-suit," trial court retained jurisdiction over suit where plaintiff "took a non-suit," but trial court "did not sign an order granting the non-suit" before plaintiff "filed its motion to reinstate" (emphasis added)); *see* TEX. R. CIV. P. 329b(d). Further, the Hendersons provided reasonable grounds to reinstate their case. *Cf. Smith*, 913 S.W.2d at 468

---

[6] Although the trial court's docket sheet contains a notation on August 28, 2014, stating "CANCELED Status Conference . . . Case Disposed," this does not constitute a rendition of judgment. *See W.C. Banks, Inc. v. Team, Inc.*, 783 S.W.2d 783, 785 (Tex. App.—Houston [1st Dist.] 1990, no writ); *see also Buffalo Bag Co. v. Joachim*, 704 S.W.2d 482, 483 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("A rendition of judgment is the pronouncement by the court of its conclusions and decision upon the matters submitted to it for adjudication. Such conclusions and decisions may be oral or written, and judgment is rendered when the decision is officially announced either orally in open court or by a memorandum filed by the clerk of the court.").

(trial court abused discretion in denying reinstatement motion where explanation reasonable); *Dalmex, Ltd. v. Apparel Enters., Inc.*, 455 S.W.3d 241, 244 (Tex. App.—El Paso 2015, no pet.) ("A trial court abuses its discretion in denying reinstatement . . . when an attorney's explanation for a failure to appear is reasonable."); *Seigle v. Hollech*, 892 S.W.2d 201, 203 (Tex. App.—Houston [14th Dist.] 1994, no writ) ("[A] trial court should reinstate a case if the party provides a reasonable excuse . . . .").

In their verified "Motion to Reinstate," the Hendersons explained that their former counsel had filed the "Notice of Non-Suit Without Prejudice" without their permission or knowledge and the case was not non-suited because of any conscious indifference on their part. *Cf. Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012) ("An excuse need not be a good one to suffice." (internal quotations omitted)); *J.H. Walker Trucking v. Allen Lund Co.*, 832 S.W.2d 454, 455 (Tex. App.—Houston [1st Dist.] 1992, no writ) ("Only a slight excuse is required."); *Mayad v. Rizk*, 554 S.W.2d 835, 838 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.) ("Some excuse, not necessarily a good one, is sufficient."). And Financial Freedom did not respond or object to the Hendersons' request for reinstatement. *See Milestone*, 388 S.W.3d at 310 (taking as true "excuse that was not controverted"); *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) (concluding uncontroverted excuse sufficient); *Dalmex*, 455 S.W.3d at 244

9

(where sworn facts in motion to reinstate uncontroverted, court must look *only* to those facts to determine whether trial court abused discretion).

Here, as in *Gonzalez,* the trial court, following a "Notice of Non-Suit Without Prejudice," had before it a "Motion to Reinstate" to which no one objected. *See Gonzalez*, 2015 WL 9481239, at *1–2. And the previously filed "Notice of Non-Suit Without Prejudice" constituted nothing more than "a misstatement" by the Hendersons' former counsel that was "made without [his] client's authority." *See id.* at *2.

Accordingly, we hold that the trial court erred in denying the Hendersons' "Motion to Reinstate." *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992) ("[A]n adjudication on the merits is preferred in Texas.").

We sustain Trimble's sole issue.

## Conclusion

We reverse the order of the trial court and remand for further proceedings consistent with this opinion.

Terry Jennings
Justice

Panel consists of Justices Jennings, Keyes, and Brown.

10