

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00455-CV

———————————————

JASON ANDERSON, Appellant

V.

G & S AUTO OF FORT WORTH VI, LLC D/B/A RV DEPOT OF CLEBURNE,
Appellee

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV2024-00713

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Pro se Appellant Jason Anderson appeals from the trial court's order of nonsuit, but the trial court has since reinstated the case. Because this appeal is moot, we dismiss it for want of jurisdiction.

Appellee G & S Auto of Fort Worth VI, LLC d/b/a RV Depot of Cleburne sued Anderson in February 2024, but in September 2024, it moved to nonsuit its claims on the basis that "all matters in this suit have been resolved and [that] there no longer remain[ed] any controversy." The trial court signed an order of nonsuit without prejudice on September 17, 2024.

Anderson filed his notice of appeal on October 9, 2024. The notice of appeal stated, among other things, that the nonsuit had "prejudice[d] the right of [Anderson] to be heard on [his] pending claim for affirmative relief." Two days later—twenty-four days after the trial court's nonsuit order—G & S filed a verified motion to reinstate the dismissed case. The motion stated that "[i]t is not clear whether [Anderson] has affirmative claims pending," and thus G & S "request[ed] [that] the case be reinstated so the [trial c]ourt can make a ruling on the merits of the case." The trial court signed an order reinstating the case on October 21, 2024.

After learning that the trial court had reinstated the case, we notified Anderson of our concern that the appeal had become moot and that we therefore lacked jurisdiction. We cautioned him that we would dismiss the appeal unless he filed a response stating grounds on which the appeal could be continued. Anderson filed a

response, but it did not assert any grounds on which this court may exercise jurisdiction in this case.

After signing an order of nonsuit, the trial court retains plenary power for thirty days; that plenary power extends to 105 days if a timely post-judgment motion is filed. *Harris Cnty. Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 194 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (op. on reh'g); *see also Quanto Int'l Co. v. Lloyd*, 897 S.W.2d 482, 485 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Hjalmarson v. Langley*, 840 S.W.2d 153, 156 (Tex. App.—Waco 1992, no writ) (noting that trial court retains plenary power to reinstate after nonsuit), *abrogated on other grounds by Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594 (Tex. 1996). G & S timely filed a motion to reinstate, which is in the nature of a new-trial motion. *See Stuart v. City of Houston*, 419 S.W.2d 702, 703 (Tex. App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.). G & S filed its motion to reinstate less than thirty days after the trial court had signed the nonsuit order, and thus the motion acted to extend the trial court's plenary power. *See Wittig*, 881 S.W.2d at 194; *see* Tex. R. Civ. P. 329b. The trial court thus had jurisdiction to reinstate the case.

We have no jurisdiction to decide a moot controversy. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). A case becomes moot "when the court's action on the merits cannot affect the parties' rights or interests." *Id.* Anderson appealed from the trial court's nonsuit order, but that order is no longer in effect after the trial court reinstated the case. Thus, Anderson's appeal is moot. *Cf. In re E.H.*,

No. 02-19-00084-CV, 2019 WL 2429412, at *1 (Tex. App.—Fort Worth June 6, 2019, no pet.) (mem. op.) (noting that "the granting of a new trial moots an already-pending appeal on the merits of a previously rendered judgment").

Because the appeal is moot, we dismiss it for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Holloway v. Revelstoke Venture, LLC*, No. 02-23-00375-CV, 2024 WL 191221, at *2 (Tex. App.—Fort Worth Jan. 18, 2024, pet. denied) (mem. op.).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: December 19, 2024

4