# IN THE SUPREME COURT OF TEXAS

═════════════

No. 11-0647

═════════════

MILESTONE OPERATING, INC. AND DSTJ, L.L.P.,
PETITIONERS,

v.

EXXONMOBIL CORPORATION,
RESPONDENT

═══════════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

═══════════════════════════════════════════════════════

**PER CURIAM**

JUSTICE LEHRMANN did not participate in the decision.

In this case, we consider whether the defendants satisfied the first element of the *Craddock* test for setting aside a no-answer default judgment. *See Craddock v. Sunshine Bus Lines, Inc*., 133 S.W.2d 124, 126 (Tex. 1939) (requiring a new trial if the defendant shows (1) that the default was neither intentional nor the result of conscious indifference, (2) a meritorious defense, and (3) that a new trial would cause neither delay nor undue prejudice). Because the evidence in this case established that the defendants' failure to answer was not intentional or the result of conscious indifference, the defendants' motion for new trial could not be denied on the ground that the

defendants failed to satisfy the first *Craddock* element. Accordingly, we reverse the court of appeals' judgment and remand the case to that court.

This appeal arises from a suit by ExxonMobil Corporation against DSTJ, L.L.P. and Milestone Operating, Inc. (collectively Milestone), alleging that Milestone breached the parties' Farmout Agreement by failing to notify ExxonMobil that "payout" had occurred on a well that was subject to that agreement. Under the Farmout Agreement, "payout" triggered ExxonMobil's election to either escalate its overriding royalty interest or convert to a working interest. After Milestone failed to answer, ExxonMobil filed a motion for default judgment. ExxonMobil alleged that its private process server, Thomas Barber, properly served Donald Harlan—DSTJ's partner and Milestone Operating, Inc.'s director and registered agent—with citation and a copy of ExxonMobil's petition. ExxonMobil obtained a default judgment that awarded it almost $1.8 million, which included unliquidated damages, prejudgment interest, attorney's fees, and costs.

Milestone filed a timely motion for new trial, arguing that service on Harlan was defective, and that Milestone established the necessary *Craddock* elements to set aside the default judgment. The trial court denied the motion for new trial. The court of appeals affirmed the trial court's denial of Milestone's motion for new trial, holding that Milestone failed to meet its burden to satisfy *Craddock*'s first element. 346 S.W.3d 101, 109. But the court of appeals reversed the portion of the judgment awarding unliquidated damages. *Id.* at 112.

Milestone asserts two grounds for reversal. First, Milestone contends that the evidence established that the failure to answer was not intentional or due to conscious indifference. Second, Milestone argues that service of process was defective because Harlan was not personally informed

2

of the nature of the process. When a default judgment is attacked by a motion for new trial, the critical question is: "Why did the defendant not appear?" *Sutherland v. Spencer*, \_\_\_ S.W.3d \_\_\_, \_\_\_ (Tex. 2012) (quoting *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006) (per curiam)) (internal quotation marks omitted). Milestone does not challenge whether the suit papers were actually received—only that service was *defective*. Therefore, our analysis focuses on whether Milestone offered sufficient evidence to meet its burden under the first element of the *Craddock* test.[1] *See id.* at \_\_\_ ("[I]f the defendant received the suit papers and has some other reason for not appearing, then the default judgment must be set aside if the defendant proves the three elements of the *Craddock* test.").

Under *Craddock*, a trial court must set aside a default judgment if (1) "the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident"; (2) "the motion for a new trial sets up a meritorious defense"; and (3) granting the motion "will occasion no delay or otherwise work an injury to the plaintiff." 133 S.W.2d at 126. We must look to the knowledge and acts of the defendant to determine whether the defendant satisfied its burden as to the first *Craddock* element. *Dir., State Emp. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994). The absence of an intentional failure to answer rather than a real excuse for not answering is the controlling fact. *Craddock*, 133 S.W.2d at 125. A defendant satisfies its burden under this element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the

---

[1] Because the court of appeals addressed only *Craddock*'s first element, we limit our review to that determination. *See* 346 S.W.3d at 109; *Sutherland*, \_\_\_ S.W.3d at \_\_\_.

3

factual assertions are not controverted by the plaintiff. *Sutherland*, ___ S.W.3d at ___. Consciously indifferent conduct occurs when "the defendant knew it was sued but did not care." *Fidelity*, 186 S.W.3d at 576.

"An excuse need not be a good one to suffice." *Id.* As in *Sutherland*, Milestone offered an excuse that was not controverted and, if true, negated intentional or consciously indifferent conduct on its part. *See Sutherland*, ___ S.W.3d at ___. Specifically, Milestone alleged that Harlan did not recall being served with ExxonMobil's petition on March 19, 2009, even after reviewing his office notes and speaking to the people with whom he works about that day's events. Harlan testified that Milestone had been sued at least four times prior to ExxonMobil's suit, he was served with process in each of those suits, and it was his routine to turn over the suit papers to Milestone's legal counsel. Yet Harlan testified that he did not remember being served or turning over any suit papers to Milestone's legal counsel in this case. Although ExxonMobil offered the testimony of Lynn Tatar, Barber's fiancée, who maintained that she saw Barber hand Harlan the suit papers, ExxonMobil did not controvert Harlan's testimony that he does not recall being served.[2] Nor did ExxonMobil controvert Milestone's evidence that detailed Harlan's familiarity with being served with process and his procedure for responding to such service.

We conclude that the evidence here shows that Milestone's failure to answer was neither intentional nor the result of consciously indifferent conduct. *See Fidelity*, 186 S.W.3d at 576. Milestone therefore provided a sufficient excuse to satisfy *Craddock*'s first element. *See Sutherland*,

---

[2] Barber passed away prior to the hearing on Milestone's motion for new trial. Tatar testified that she accompanied Barber to Harlan's office on the date that Barber served Harlan.

___ S.W.3d at ___. The trial court's denial of Milestone's motion for new trial thus cannot be affirmed on the ground that its excuse for not answering was insufficient. The court of appeals erred when it held otherwise. This holding comports with the policy that "an adjudication on the merits is preferred in Texas." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992). Accordingly, we grant the petition for review, and without hearing oral argument, we reverse the court of appeals' judgment and remand the case to that court for consideration of the second and third *Craddock* elements. *See* TEX. R. APP. P. 59.1.

OPINION DELIVERED: October 26, 2012

5