

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00287-CV

Juan **RODRIGUEZ**,
Appellant

v.

Mary **BOLANOS**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-12393
Honorable Karen H. Pozza, Judge Presiding[1]

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:   May 29, 2013

REVERSED AND REMANDED

After a default judgment was entered against Juan Rodriguez in a lawsuit arising from an automobile accident, he filed a motion for new trial, which was denied by the trial court. On appeal, Rodriguez contends the trial court erred in denying his motion for new trial and the evidence is insufficient to support the damages awarded in the default judgment. Because Rodriguez established his entitlement to a new trial, we reverse the trial court's judgment and remand the cause to the trial court for a new trial.

---

[1]The Honorable Karen H. Pozza signed the default judgment in the underlying cause; however, the Honorable Antonia Arteaga signed the order denying the motion for new trial.

In Texas, an adjudication on the merits is preferred. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012). Accordingly, "the law abhors a default because equity is rarely served by a default." *Titan Indem. Co. v. Old S. Ins. Grp., Inc.*, 221 S.W.3d 703, 708 (Tex. App.—San Antonio 2006, no pet.).

> A trial court must set aside a default judgment if (1) "the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident"; (2) "the motion for a new trial sets up a meritorious defense"; and (3) granting the motion "will occasion no delay or otherwise work an injury to the plaintiff."

*Milestone Operating, Inc.*, 388 S.W.3d at 309 (quoting *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939)). "The historical trend in default judgment cases is toward the liberal grant of new trials." *Titan Indem. Co.*, 221 S.W.3d at 708. "Thus, where the elements of the *Craddock* test are satisfied, a trial court abuses its discretion in denying a motion for new trial." *Id.*

1.      Conscious Indifference

"Consciously indifferent conduct occurs when the defendant knew it was sued but did not care." *Milestone Operating, Inc.*, 388 S.W.3d at 310 (internal quotations omitted). "The absence of an intentional failure to answer rather than a real excuse for not answering is the controlling fact." *Id.* "A defendant satisfies its burden under this element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." *Id.*; *see also Titan Indem. Co.*, 221 S.W.3d at 708–09.

In his affidavit, which was attached to his motion for new trial, Rodriguez stated that he was unaware that a lawsuit had been filed against him until notified by his insurance agent that a default judgment had been taken against him. Rodriguez noted that the officer's return indicated

that "the lawsuit papers were posted to a gate at 3003 Kiowa Street" where his mother lived. Rodriguez stated, "If she received the suit papers, she never advised me of that fact."

The record contains a motion for substituted service, stating that service of citation was attempted by personally delivering it to Rodriguez at 3003 Kiowa St. and requesting substitute service by: (1) leaving a copy of the citation with any person over the age of sixteen at that address; (2) placing it inside the premises through a door mail chute or by slipping it under the front door; or (3) "If none of these methods are possible, the citation should be securely affixed to the front door or main entry at the above specified location."  In the affidavit in support of the motion, Margarito Vasquez stated that she attempted to personally serve Rodriguez at 3003 Kiowa St. on three occasions.  On her first and third attempts, no one answered the door.  On the second attempt, Vasquez spoke to a woman who stated that Rodriguez did not live at the address but "comes and picks up his mail."  After the motion for substituted service was granted, the officer's return states that citation was served by posting the citation to a locked gate.

At the hearing on the motion for new trial, which was held on May 2, 2012, Rodriguez testified that he had resided at 607 West Ridgewood Court, Apartment #3, for almost five years. Rodriguez admitted that he sometimes received mail at the Kiowa address.  Rodriguez also admitted that his mother had told him someone had gone by the house looking for him, but she never told him someone had taped a lawsuit to her door.  Rodriguez stated that the mail he received at the Kiowa address was mainly junk mail.  Rodriguez stated that his family moved often while he was growing up, and the house on Kiowa St. belonged to his grandmother whose address was used by a lot of the family as "like home base."  When asked whether the Kiowa address was the best address for him since he had moved several times, Rodriguez responded, "I guess so."

Rodriguez testified that the driver's license he handed the police officer at the scene of the accident listed his address on West Ridgewood Court, which was his only address since the date of the accident. Rodriguez stated that his bills for utilities, student loans, and credit cards are all sent to the West Ridgewood Court address. The police report also listed the Kiowa address because Rodriguez's mother paid for the insurance coverage on the car and her address was listed on the insurance card.

In this case, Rodriguez's factual assertions are uncontroverted. Appellee contends that the trial court properly denied the motion for new trial because Rodriguez did not present any testimony from his mother. Appellee asserts, "When a defendant's excuse in failing to answer is his reliance on a third party to notify him, he must similarly prove that the third party's failure was not intentional or the result of conscious indifference." The law on which Appellee relies, however, relates to a defendant's reliance on an agent or third party to file his answer or to notify him of a trial setting. *See Titan Indem. Co.*, 221 S.W.3d at 708; *Ferguson & Co. v. Roll*, 776 S.W.2d 692, 697 (Tex. App.—Dallas 1989, no writ). In this case, Rodriguez was not relying on his mother to file an answer. Instead, Appellee was relying on Rodriguez's mother to notify him of the lawsuit it posted on her locked gate. Under these circumstances, Rodriguez is not required to offer any testimony from his mother when his uncontroverted testimony was that his mother never notified him about the lawsuit. Accordingly, since no evidence was presented to controvert Rodriguez's testimony, Rodriguez satisfied his burden of establishing that his failure to answer was not intentional or the result of conscious indifference. *See Titan Indem. Co.*, 221 S.W.3d at 711 (noting credibility is not an issue where testimony is uncontroverted); *see also Milestone Operating, Inc.*, 388 S.W.3d at 310 (reversing court of appeals judgment affirming trial court's denial of motion for new trial on this *Craddock* element where evidence that defendant's failure to answer was neither intentional nor the result of conscious indifference was

uncontroverted); *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 576 (Tex. 2006) (holding when evidence establishing lack of intent or conscious indifference is uncontroverted, "the trial court is not at liberty to disregard it").

2.     Meritorious Defense

"In order to satisfy the second prong of the *Craddock* test, the defaulting party must set up a meritorious defense by alleging facts, supported by affidavit, which in law would constitute a defense to the cause of action pled by the plaintiff." *Titan Indem. Co.*, 221 S.W.3d at 711. "A meritorious defense is one, that if ultimately proved, will cause a different result when the case is tried again." *Id*. "*Craddock* requires that a defendant 'set up' a meritorious defense, not that it prove one." *Id*.

In his affidavit, Rodriguez stated, "With respect to the accident, I contend that the plaintiff did not exercise any evasive action to avoid the collision, which could have been avoided or minimized had she done so." At the hearing on the motion, Rodriguez's attorney clarified "what Mr. Rodriguez contends is that Ms. Bolanos, the plaintiff, did not exercise any evasive action, did not apply her brakes or veer in either direction before the collision. And it's our position that that would have minimized or a jury could ultimately find maybe some comparative negligence on Ms. Bolanos." We hold the foregoing is sufficient to set up a meritorious defense. *See Jackson v. Mares*, 802 S.W.2d 48, 51–52 (Tex. App.—Corpus Christi 1990, writ denied) (holding plaintiff's contributory negligence presents a meritorious defense); *see also Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1973) (holding affidavit contained sufficient facts to raise issues of contributory negligence even though it did not detail all of the facts relating to the occurrence).

3.      No Delay or Prejudice

"In order to satisfy the third prong of *Craddock*, the defaulting party must establish that the granting of its motion for new trial would not occasion a delay or otherwise work an injury to the plaintiff." *Titan Indem. Co.*, 221 S.W.3d at 712. "Important factors to consider in determining whether delay or injury will occur are: (1) whether the defendant has offered to reimburse the plaintiff for the costs involved in obtaining the default judgment; and (2) whether the defendant is ready, willing, and able to go to trial." *Id.*

In this case, the record reflects that Rodriguez was ready, willing, and able to go to trial, and appellee's attorney conceded at the hearing that appellee would not be harmed with regard to any delay. Appellee contends, however, that Rodriguez did not offer to reimburse her costs involved in obtaining the default judgment. Appellee relies on her attorney's testimony that "in obtaining the default judgment and the subsequent hearings and the numerous hours and days of research and in corresponding back and forth with [Rodriguez's attorney], and — Your Honor, I would estimate my attorney's fees to be in the neighborhood of around $7500. But — so I think anywhere — I think somewhere between 5,000 and 7500 would be a fair award of attorney's fees. … And it wasn't just going down there to do the default. It was all the motions afterwards, all the — it was the hearing, the research, and all the corresponding back and forth." Rodriguez's attorney countered that if appellee had served Rodriguez at his address where he resided for five years and which was listed on the police report, instead of seeking substitute service, reasonable attorney's fees of $250 to $500 would be appropriate. We construe the comments made by Rodriguez's attorney as an offer to reimburse appellee her "reasonable" costs. *See United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d 958, 959 (Tex. 1976) (noting defendant is not required to reimburse plaintiff for all expenses incidentally incurred in obtaining a default judgment and the amount of expenses a defendant should be required to reimburse is an

equitable determination that is dependent on the facts of each case).  The parties simply disagreed with regard to what a "reasonable" amount would be.  We further note that the testimony by appellee's attorney does not appear to be limited to the "costs involved in obtaining the default judgment."  Because Rodriguez's attorney offered to reimburse the appellee for "reasonable" costs, we hold that this prong of the *Craddock* test was satisfied.

CONCLUSION

Because Rodriguez satisfied his burden of establishing all three elements of the *Craddock* test, the trial court erred in denying his motion for new trial.  Therefore, the trial court's judgment is reversed, and the cause is remanded to the trial court for a new trial.

Patricia O. Alvarez, Justice