

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00655-CV

Rosaly **CANALES** d/b/a Marathon Bulk Transport,
Appellant

v.

## CAPITOL AGGREGATES, INC.,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI05174
Honorable Cathy Stryker, Judge Presiding[1]

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: August 5, 2020

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Rosaly Canales d/b/a Marathon Bulk Transport appeals from the default judgment against

him, arguing that the trial court erred in denying his motion to set aside the default judgment. We

affirm in part, and reverse and remand in part.

---

[1]The Honorable Cathy Stryker signed the default judgment. The Honorable Michael E. Mery heard the motion for new trial.

**BACKGROUND**

On March 13, 2019, Capitol Aggregates, Inc. ("Capitol") sued Canales and Gulf Coast Concrete and Shell, Inc. ("Gulf Coast") for conversion and violation of the Texas Theft Liability Act, TEX. CIV. PRAC. & REM. CODE §§ 134.001-.005. On April 5, 2019, Canales was personally served with the lawsuit. Thus, his deadline to file his answer was April 29, 2019. *See* TEX. R. CIV. P. 99(b). While Gulf Coast timely filed an answer on April 22, 2019, Canales never filed one.

On June 20, 2019, Capitol nonsuited Gulf Coast without prejudice. On July 10, 2019, Capitol filed a motion for default judgment against Canales. On July 11, 2019, the trial court signed a default judgment against Canales, awarding Capitol $500,000 in damages and $1,000,000 in exemplary damages. The trial court also awarded Capitol reasonable and necessary attorneys' fees.

On August 7, 2019, Canales filed a motion to set aside the default judgment. On August 29, 2019, Capitol filed its response to the motion. After a hearing on August 30, 2019, the trial court denied the motion. Canales now appeals.

**DISCUSSION**

Canales brings two issues on appeal: (1) whether the appellate record supports the damages awarded in the default judgment, and (2) whether the trial court erred in denying his motion to set aside the default judgment.

*A. Motion to Set Aside Default Judgment*

Canales argues the trial court erred in not granting his motion to set aside the entire default judgment and grant a new trial. We review a trial court's refusal to grant a new trial for abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925-26 (Tex. 2009). A trial court does not abuse its discretion in denying a motion to set aside a default judgment and grant a new trial unless the defaulting party establishes all three elements of the test set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939): (1) the failure to appear

was not intentional or the result of conscious indifference, but rather the result of accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no undue delay or otherwise injure the party taking the default judgment. *Lerma*, 288 S.W.3d at 925 (citing *Craddock*, 133 S.W.2d at 126).

"We must look to the knowledge and acts of the defendant to determine whether the defendant satisfied its burden as to the first *Craddock* element." *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 309 (Tex. 2012). "The absence of an intentional failure to answer rather than a real excuse for not answering is the controlling fact." *Id*. at 310. "A defendant satisfies its burden under this element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." *Id*. "Consciously indifferent conduct occurs when the defendant knew it was sued but did not care." *Id*. (quotations omitted). "An excuse need not be a good one to suffice." *Id*.

The record reflects Capitol's original petition was filed on March 13, 2019, and Canales was personally served on April 5, 2019, making Canales's deadline to answer April 29, 2019. Canales never filed an answer. The record also reflects that on June 20, 2019, Capitol nonsuited Gulf Coast, the other defendant in the underlying case. In his verified motion to set aside, Canales argues that his conduct in failing to answer the lawsuit was not consciously indifferent because (1) he went to Gulf Coast's office and was told the case had been resolved "in their favor"; (2) he went to the Bexar County District Clerk's Office and was informed by personnel that "the case had been dismissed"; and (3) he "was not aware that the case had not been disposed of until his attorney [William M. Walls] was drafting assets/liabilities for a divorce proceeding" and contacted Capitol's counsel [Rod Regan] on August 2, 2019.

Canales's verified motion does not provide the date on which he contacted the personnel at Gulf Coast or when he traveled to the Bexar County District Court's Office. In its response to

Canales's motion to set aside, Capitol points out that Canales has omitted facts from his verified motion. In an affidavit attached to Capitol's response, Rod Regan, Capitol's attorney, affirmed that on June 24, 2019, he received a phone call from San Antonio attorney Roger Perez, who informed Regan that "he had been approached by Defendant, Rosaly Canales, to represent him in this case." Perez told Regan that "Mr. Canales is here with me." According to the affidavit, Perez contacted Regan to discuss the petition filed against Canales. Regan told Perez that Canales had not filed an answer. According to Regan's affidavit, Perez was aware that Gulf Coast had been dismissed and asked whether Canales would also be dismissed from the case. Regan's affidavit states that Perez could only have learned this information about Gulf Coast's dismissal from the lawsuit from Canales. Regan told Perez that Capitol "planned to proceed with the case against Mr. Canales," but that "as a professional courtesy," he would not move for default judgment until he heard back from Perez.

According to Regan's affidavit, on July 8, 2019, he emailed Perez, explaining that he had not heard back from him and would not move for default judgment until July 11, 2019. Perez replied that he had not been retained by Canales. On July 11, 2019, Capitol obtained a default judgment against Canales.

At the hearing on Canales's motion to set aside default judgment and motion for new trial, Canales was allowed to testify. Canales testified he had been personally served on April 4, 2019. He stated that he had talked to Gulf Coast truck drivers who informed him that the case had been dismissed. He then testified about coming to San Antonio:

Q:      Did you have occasion after [talking to the Gulf Coast truck drivers] to come to San Antonio to verify [the case being dismissed] yourself?

A:      Yes, I did.

Q:      On your way to the courthouse, did you see an attorney's sign?

A:      I saw an attorney's sign down the street and I asked the attorney to see if I can receive a—if I can write a response. And he told me that he could and he asked me for an amount of money that I didn't have. So then I came over to the court and I talked to this first lawyer. They said that the case was dismissed.

During Canales's direct examination, he did not testify *when* he had talked to the Gulf Coast drivers or *when* he went to San Antonio. On cross-examination, Canales was asked *when* he had spoken with the Gulf Coast truck drivers. Canales answered he did so "right before" he traveled to San Antonio. He was then asked *when* he traveled to San Antonio. Canales could not remember. When prompted whether it was in July 2019, Canales replied, "Sometime in July, I think."

Q:      All right. So you talked with the truck drivers in July and learned from them that the case had been resolved in their favor, right?

A:      Yes.

Q:      All right. And this would be in July, so the period of time that passed between service on April 5th and when you talked to truck drivers at the other company that was sued was three months, correct? You can do the math. April, May, June, July, over three months. Correct?

A:      Yes.

Thus, the record reflects that Canales was served in the beginning of April and waited over three months before he consulted a lawyer, who then was informed while Canales was present in the lawyer's office that Capitol intended to proceed with the lawsuit against Canales. There is nothing in the record to reflect any actions taken by Canales during those three months after he was served with the lawsuit. *See Skyline EMS Inc. v. AR Concepts Inc.*, No. 04-15-00070-CV, 2015 WL 7566247, at *2 (Tex. App.—San Antonio 2015, no pet.) (holding that a silent record does not satisfy an appellant's burden under *Craddock*). To excuse his failure to answer the lawsuit, Canales points to his affidavit stating that he was informed by Gulf Coast truck drivers and the Bexar County Clerk's Office that the case had been dismissed. The record reflects that

Gulf Coast was not dismissed from the lawsuit until June 20, 2019, almost two months after Canales's deadline to answer the lawsuit. Further, during his live testimony, Canales could not state when he learned Gulf Coast had been dismissed from the lawsuit, except to say that he thought he learned about it sometime in July, which may or may not have been after the default judgment was signed on July 11th. Given this record, we conclude Canales has not shown he met the first element under *Craddock*. Thus, we hold the trial court did not abuse its discretion in denying Canales's motion to set aside the default judgment pursuant to *Craddock*. *See Lynch v. Lynch*, 540 S.W.3d 107, 121 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (holding trial court did not abuse its discretion in denying motion for new trial because appellant failed to meet the first element of the *Craddock* test).

### B. Sufficiency of Evidence Supporting Unliquidated Damages

Canales also argues that the record does not support the award of unliquidated damages. Here, the trial court awarded unliquidated damages in the following amounts: $500,000 for the conversion of goods and services and for violation of the Theft Liability Act; and $1,000,000 in exemplary damages. The trial court also awarded unliquidated damages for reasonable and necessary attorneys' fees: $7,000 for bringing the lawsuit, $7,000 for appeal, $3,500 for the petition for review stage in the supreme court; and $20,000 for collecting on the default judgment. The appellate record reflects that Capitol attached to its motion for default judgment an affidavit by attorney Roderick J. Regan. This affidavit supports the trials court's award of attorney's fees. Thus, there is sufficient evidence to support the award of attorneys' fees.

However, Capitol concedes that there is no evidence supporting the rest of its award of $1,500,000 in unliquidated damages. "When a plaintiff fails to present legally sufficient evidence at an uncontested hearing on unliquidated damages following a no-answer default judgment, the proper disposition is to remand for a new trial on the issue of damages." *Lerma*, 288 S.W.3d at

929; *see also Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992) (reasoning plaintiff should be afforded second opportunity to present evidence in support of its claims because "as a practical matter, in an uncontested hearing, evidence of unliquidated damages is often not fully developed"). Thus, the trial court's default judgment must be reversed in part and the issue of unproven unliquidated damages remanded for a new trial. *See Alvarez v. Agyemang*, No. 02-19-00301-CV, 2020 WL 719440, at *3 (Tex. App.—Fort Worth Feb. 13, 2020, no pet. h.) (sustaining a no-evidence issue following an uncontested, no-answer default judgment and remanding for a new trial on the issue of unliquidated damages).

## CONCLUSION

Because the evidence was legally insufficient to support some of the unliquidated damages awarded to Capitol, we reverse the trial court's judgment as to the damages award of $500,000 and the exemplary damages award of $1,000,000, and remand the cause for a new trial on the issue of these unliquidated damages. The judgment is otherwise affirmed.

Liza A. Rodriguez, Justice