**Reversed and Remanded and Opinion Filed January 26, 2022**



In the
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00943-CV

**HANIF MERCHANT, Appellant**
**V.**
**SSB TRADING, INC., Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-06063**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Carlyle

Appellant Hanif Merchant asserts the trial court abused its discretion by overruling his motion for new trial following a no-answer default judgment against him. We reverse and remand in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## Background

Appellee SSB Trading, Inc. (SSB) filed this lawsuit against Mr. Merchant in April 2020, claiming breach of two loan agreements. Though SSB properly served Mr. Merchant with the citation and petition, Mr. Merchant did not file an answer or

otherwise appear. The trial court signed a July 28, 2020 no-answer default judgment awarding SSB $250,000 plus interest and attorney's fees.

On August 26, 2020, Mr. Merchant filed a motion asking the trial court to vacate the default judgment and grant him a new trial. He asserted (1) his failure to appear was due to accident or mistake and was not the result of conscious indifference; (2) he has a meritorious defense to SSB's claims in that "the 'Loan Agreements' attached to Plaintiff's Petition do not contain the terms upon which Plaintiff loaned money to Defendant and, moreover, Defendant made payments on the loans which have not been credited by Plaintiff"; and (3) no injury will result to SSB if a new trial is granted because he "is ready, willing and able to go to trial when set by the court and is willing to reimburse Plaintiff for the costs involved in obtaining the default judgment."

The attachments to Mr. Merchant's motion for new trial included a declaration[1] in which he stated (1) "the facts contained herein are within my personal knowledge and are true and correct"; (2) after receiving the petition, he placed it on a table where it became covered by other papers and mail and he then "forgot about it"; and (3) because Covid-19 changed his normal work duties and schedule during that time, he was "working approximately 13 hours per day, 7 days per week

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 132.001(a) (generally "an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit").

–2–

traveling back and forth from Texas to Oklahoma making deliveries" while also helping his wife, who was "working similar hours," care for their daughter at home.

He also stated in the declaration (1) SSB made two loans to him: a February 2019 loan for $200,000 and a June 2019 loan for $50,000; (2) the written loan agreements attached to SSB's petition were signed on June 14, 2019; (3) no written loan agreement existed in February 2019 and, to the best of his recollection, the second loan also was made before the agreements were signed; (4) from March 2019 until December 2019, he made monthly payments of $15,000 to SSB on the $200,000 loan and thus has made a total of $150,000 in payments to SSB on that loan; (5) from August 2019 until December 2019, he made payments to SSB "in the approximate amount of $1,800 to $2,500 per month" on the $50,000 loan and thus has made a total of approximately $10,000 in payments to SSB on that loan; and (6) additionally, he gave SSB "four luxury watches (two gold Rolex watches and two gold Movado watches)" that he believes are collectively worth approximately $40,000 "to hold as collateral for the loans" and SSB has not returned any of those watches.

The following day, Mr. Merchant requested a hearing on his motion for new trial. The trial court set a telephonic hearing for September 17, 2020.

On September 14, 2020, Mr. Merchant filed a "proposed Agreed Order Granting Defendant's Motion for New Trial and Vacating Default Judgment," with a letter stating it was being filed for the trial court's "consideration." The proposed

–3–

order bore electronic signatures of each party's counsel, stated that SSB "has agreed to the relief sought" in Mr. Merchant's above-described motion, and contained a blank signature line for the trial judge's signature. The trial court did not sign that order or any other regarding the motion for new trial.

Mr. Merchant filed an October 26, 2020 notice of appeal in which he stated his motion for new trial "was overruled by operation of law on October 11, 2020."[2]

### Standard of review and applicable law

A trial court's denial of a motion for new trial will not be disturbed on appeal absent a showing of abuse of discretion. *E.g.*, *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). To be entitled to a new trial, a party must satisfy the three elements of the *Craddock* test: (1) the failure of the defendant to answer before judgment was not intentional or the result of conscious indifference on his part, but was due to a mistake or an accident; (2) the motion for new trial sets up a meritorious defense; and (3) the motion is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). When a defaulting party meets that burden, the trial court abuses its discretion if it fails to grant a new trial. *See Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994); *see also Holt Atherton Indus., Inc. v.*

---

[2] The appellate record contains no reporter's record of the September 17, 2020 telephonic hearing. In a November 19, 2020 letter to this Court, appellant's counsel stated the trial court's court reporter has confirmed no record was made of that hearing.

*Heine*, 835 S.W.2d 80, 86 (Tex. 1992) ("[A]n adjudication on the merits is preferred in Texas.").

A defendant satisfies its burden under the first *Craddock* element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012). In determining whether there is intentional disregard or conscious indifference, the trial court examines the knowledge and acts of the parties who failed to appear. *Perry v. Benbrooke Ridge Partners L.P.*, No. 05-16-01486-CV, 2018 WL 2138957, at *2 (Tex. App.—Dallas May 7, 2018, no pet.) (mem. op.). "A failure to appear is not intentional or due to conscious indifference merely because it was deliberate; rather it must also be without justification." *Id*. Proof of justification such as accident, mistake or other reasonable explanation will negate intent or conscious indifference. *Id*.

The second *Craddock* element, "setting up a meritorious defense," is determined based on the facts alleged in the movant's motion and supporting affidavits, regardless of whether those facts are controverted. *Dir., State Emp. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994). A meritorious defense is one that, if proved, would cause a different result upon retrial of the case, though it need not be a totally opposite result. *Perry*, 2018 WL 2138957, at *4. The motion must have alleged facts that would in law constitute a defense to the cause

of action asserted by the plaintiff and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. *Id*. Once these requirements are satisfied, allegations of a meritorious defense, if sufficiently specific, must be accepted as true despite the presence of disputed facts. *Id*.

The purpose of the third *Craddock* element is to protect the plaintiff against undue delay or injury, such as the loss of witnesses or other valuable evidence that would disadvantage the plaintiff in presenting the merits of the case at the new trial. *Id*. at *5. Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff. *Id*.

**Analysis**

In a single issue on appeal, Mr. Merchant contends the trial court erred by not granting his motion for new trial and by allowing the motion to be overruled by operation of law. He asserts:

> Plaintiff did not oppose Defendant's Motion for New Trial and, in fact, submitted an Agreed Order Granting New Trial and Vacating Default Judgment. Given its lack of opposition, Plaintiff did not file any affidavits controverting the proof set forth in Defendant's Motion for New Trial and did not request an evidentiary hearing. Thus, the trial court was bound to accept as true the statements in Defendant's declaration, and Defendant established all three *Craddock* factors.

SSB concedes on appeal that the third *Craddock* element—no delay or injury to the plaintiff—was satisfied, but contends Mr. Merchant did not meet his burden regarding the first and second *Craddock* elements.

As to the first *Craddock* element, SSB argues the record does not show Mr. Merchant's factual assertions were uncontroverted. According to SSB, because the September 14, 2020 proposed agreed order was filed more than thirty days after the default judgment was signed, it constituted "an untimely amended motion for new trial equivalent" that could not be considered by the trial court and is precluded from consideration on appeal by this Court's opinion in *Portfolio Recovery Associates, LLC v. Talplacido*, No. 05-10-01244-CV, 2012 WL 204541 (Tex. App.—Dallas Jan. 18, 2012, no pet.) (mem. op.). SSB asserts that absent the proposed agreed order, there is no "mention of any consent to a new trial by SSB." SSB argues, "Since the Proposed Agreed Order cannot be considered under *Portfolio Recovery*, the next question becomes: 'Was there evidence before the Trial Court at the MNT Hearing to establish that SSB agreed to the relief sought in Defendant's Motion?'" SSB contends Mr. Merchant "has failed to provide a reporter's record of the MNT Hearing to establish what was the evidence at the MNT Hearing" and thus "has waived any issue about consent to a new trial at the MNT Hearing."

In *Portfolio Recovery*, a defendant against whom a default judgment had been entered filed a timely motion for new trial asserting it had not been served with the petition. *Id*. at *1; *see* TEX. R. CIV. P. 329b(a)–(b) (requiring motion for new trial to be filed within thirty days after judgment is signed and providing, "One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty

days after the judgment . . . is signed."). After the trial court denied that motion for new trial, the defendant filed a "motion for rehearing and reconsideration" sixty-five days after the default judgment was signed, arguing for the first time that it had satisfied the *Craddock* factors. 2012 WL 204541, at \*1. The motion for rehearing and reconsideration was denied and the defendant appealed, arguing the trial court erred by failing to grant a new trial because it had satisfied the *Craddock* factors. *Id*. at \*2. This Court concluded the defendant's motion for rehearing and reconsideration was the equivalent of an untimely-filed amended motion for new trial. *Id*. Thus, this Court held the trial court did not abuse its discretion by failing to grant the defendant a new trial on grounds first raised in that untimely amended motion. *Id*. (citing TEX. R. CIV. P. 329b(b)).

Here, unlike the motion for rehearing and reconsideration in *Portfolio Recovery*, the September 14, 2020 proposed agreed order did not in any way amend Mr. Merchant's motion for new trial. *See* BLACK'S LAW DICTIONARY, 98 (10th ed. 2014) (defining "amend" as "[t]o change the wording of" or "formally alter . . . by striking out, inserting, or substituting words"). Instead, it stated SSB "agreed to the relief sought." Nothing in *Portfolio Recovery* purports to address agreed orders or settlement agreements regarding motions for new trial. Thus, we disagree with SSB's position that *Portfolio Recovery* precludes our consideration of the September 14, 2020 proposed agreed order.

The record before us, which includes the proposed agreed order, demonstrates Mr. Merchant's motion for new trial was uncontroverted. Thus, as to the first *Craddock* element, Mr. Merchant satisfied his burden if his factual assertions, taken as true, negated intentional or consciously indifferent conduct by him. *See Milestone Operating*, 388 S.W.3d at 310; *see also Strackbein*, 671 S.W.2d at 38–39 ("Where factual allegations in a [new trial] movant's affidavits are not controverted, a conscious indifference question must be determined in the same manner as a claim of meritorious defense.").

Under this standard, the circumstances Mr. Merchant describes—leaving the citation in a stack of other papers and forgetting about it because he was unusually busy—meet *Craddock*'s requirements. *See Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) ("Here, [Defendant] offered an excuse that was not controverted and, if true, negated intentional or consciously indifferent conduct on its part. Specifically, [Defendant] alleged, among other reasons, that the citation was left in a stack of papers on a desk and forgotten about because of limited time spent at the office due to weather conditions over a nearly three-week period during the Christmas holiday season . . . we conclude that this excuse is sufficient to show that the failure to answer was not the result of intentional or consciously indifferent conduct."). To the extent SSB contends the lack of a reporter's record of the September 17, 2020 hearing is determinative here, we disagree. *See Strackbein*, 671 S.W.2d at 38–39 (affirming court of appeals' reversal of trial court's denial of motion

–9–

for new trial after default judgment though no record was made of motion for new trial hearing, where factual allegations in movant's motion were not controverted and movant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct).

As to the second *Craddock* element, SSB argues (1) "[u]nder the Court's precedent, the Declaration did not 'set up' a meritorious defense of payment as to either obligation under the accepted definition of a 'payment'"; (2) Mr. Merchant "failed to make a prima facie showing of 'payment'"; and (3) the declaration did not "address acceptance of any payment by SSB." According to SSB, the statements in the declaration lack specificity and "significant factual detail."

The "precedent" SSB cites, *Continental Carbon Co. v. Sea-Land Service, Inc.*, 27 S.W.3d 184 (Tex. App.—Dallas 2000, pet. denied), involved (1) allegations made only in an unsworn motion for new trial, rather than in an affidavit or declaration, and (2) a meritorious defense analysis focused on pleading requirements for a suit on a sworn account, which are not applicable here. Thus, we do not find that case instructive.

Additionally, SSB cites authority regarding requirements for proving various elements of payment and valuation at trial. But "[i]n order to satisfy *Craddock*'s meritorious defense prong, the defaulting party need only assert, but need not prove, facts, which, if they were true, would produce a different result on retrial of the case." *Gotcher v. Barnett*, 757 S.W.2d 398, 403 (Tex. App.—Houston [14th Dist.] 1988, no

writ). As described above, the motion must allege facts that would in law constitute a defense to the cause of action asserted by the plaintiff and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. *Perry*, 2018 WL 2138957, at *4.

Here, Mr. Merchant's declaration stated "the facts contained herein are within my personal knowledge and are true and correct." Then, he described (1) the amounts of alleged loan payments made by him to SSB; (2) when those loan payments were made; and (3) specific collateral he provided to SSB. These allegations match the level of specificity and detail determined adequate to satisfy *Craddock*'s second element in other cases. *See, e.g.*, *L'Arte De La Mode, Inc. v. Neiman Marcus Grp.*, 395 S.W.3d 291, 296–97 (Tex. App.—Dallas 2013, no pet.) (concluding merchandise seller's affidavit testimony that it never received funds buyer Neiman Marcus mistakenly sent to third party factor Wells Fargo and "[t]herefore, if anyone holds [buyer's] mistakenly paid funds and has been benefit[t]ing from the retention of those funds, it is [Wells Fargo] and [Wells Fargo] should return those funds" satisfied second *Craddock* element because it set up defense that seller did not receive, hold, or benefit from the funds buyer claimed, which if true, could cause a different result on retrial); *Ferguson & Co. v. Roll*, 776 S.W.2d 692, 699 (Tex. App.—Dallas 1989, no writ) (concluding new trial movant's denials in affidavits put amount of damages at issue and thus set up meritorious defense); *Gotcher*, 757 S.W.2d at 403–04 (concluding denials in affidavit were

–11–

enough to set up meritorious defense "[b]ecause any of the foregoing allegations, if true, would result in a diminution of [plaintiff's] damages on retrial of the case"); *One Hundred Seventy-One Thousand One Hundred and 00/100 ($171,100.00) in U.S. Currency v. The State of Texas*, No. 04-18-00123-CV, 2019 WL 3229188, at *4 (Tex. App.—San Antonio Apr. 17, 2019, no pet.) (mem. op.) (concluding that though new trial movant's affidavit "may not be proof in the accepted sense," it set up a meritorious defense to forfeiture proceeding, where movant alleged she was an innocent owner of currency because it "was lawfully gained through legitimate auto sales," and her assertion was supported with her affidavit swearing the statements were within her personal knowledge and were true). Also, as described above, the record shows SSB "agreed to the relief sought" in Mr. Merchant's motion to vacate the default judgment and grant a new trial. *Cf. Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 321–22 (Tex. 1984) (party cannot take inconsistent positions in motion for judgment in trial court and on appeal).

On this record, we conclude the trial court abused its discretion by allowing Mr. Merchant's motion for new trial to be overruled by operation of law. We reverse the trial court's judgment and remand this case to the trial court for further proceedings.

_/Cory L. Carlyle//_
CORY L. CARLYLE
JUSTICE

200943f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HANIF MERCHANT, Appellant

No. 05-20-00943-CV     V.

SSB TRADING, INC., Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-06063. Opinion delivered by Justice Carlyle. Justices Reichek and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant HANIF MERCHANT recover his costs of this appeal from appellee SSB TRADING, INC.

Judgment entered this 26th day of January, 2022.