

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00220-CV

———————————————

1 SOLAR SOLUTION, LLC AND MOHAMMAD ALI SAMANA, Appellants

V.

S&A WHOLESALE INC., D.B.A. TRENDY ENERGY SOLUTIONS AND
TRENDY COMMUNICATIONS, Appellee

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 24-3432-467

Before Kerr, Womack, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellee S&A Wholesale Inc., d/b/a Trendy Energy Solutions and Trendy Communications (Trendy), obtained a default judgment against Appellants 1 Solar Solution, LLC and Mohammad Ali Samana. In two issues,[1] Appellants argue that because they presented evidence satisfying the *Craddock* factors, the trial court abused its discretion by failing to set aside the default judgment. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939). Because the record supports the trial court's denial of Appellants' new-trial motion on the ground that their failure to answer was intentional or the result of conscious indifference, we will affirm.

### II. BACKGROUND

Trendy sued Appellants for breach of contract, Texas Deceptive Trade Practices Act violations, common law fraud, fraudulent inducement, promissory estoppel, conversion, Texas Theft Liability Act violations, conspiracy, breach of fiduciary duty, and money had and received due to Appellants' alleged failure to deliver and install certain solar and electric equipment to Trendy's customers' sites. On April 27, 2024, Samana, in his individual capacity, was personally served with the citation and the petition. Three days later, 1 Solar Solution, LLC was served with the

---

[1]Appellants' first issue addresses the first *Craddock* factor, and their second issue addresses the second and third factors.

citation and the petition by delivery of the documents to its registered agent, Samana. After both Appellants failed to file an answer, on February 4, 2025, Trendy moved for default judgment, which the trial court entered.

Appellants timely filed a combined motion to vacate default judgment and motion for new trial, which they later amended. In the amended motion, Appellants contended that their failure to appear was not intentional but was the result of accident or mistake because they believed that they were represented by counsel but later learned that "their apparent counsel was not licensed to practice law." Further, Appellants argued that they had a meritorious defense and that granting the motion would not cause Trendy any delay or injury. Appellants attached Samana's declaration, which will be discussed in more detail below, to the amended motion.

Trendy filed a response to the motion, arguing that Appellants not only failed to establish the first *Craddock* factor but also "actually undermine[d] and negate[d] the establishment of [the] first *Craddock* factor." Trendy also disputed the other *Craddock* factors and attached evidence to its response, which consisted of an email and purchase order agreements.

The trial court held a hearing on Appellants' motion, but no evidence was offered or admitted.[2] After the arguments, the trial court denied the motion and signed an order to that effect. Appellants appealed from that order.

---

[2]At the hearing, Trendy's attorney stated that he brought his client to testify because he had thought that Samana would be there to testify for Appellants.

3

## III. DISCUSSION

### A. Standard of Review and Applicable Law

We review the denial of a new-trial motion for an abuse of discretion. *B. Gregg Price, P.C. v. Series 1 – Virage Master LP*, 661 S.W.3d 419, 423 (Tex. 2023). A trial court abuses its discretion if it acts without reference to any guiding rules or principles— that is, if its act is arbitrary or unreasonable. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding).

Under *Craddock*, a defaulting party is entitled to a new trial when: "(1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff." *B. Gregg Price, P.C.*, 661 S.W.3d at 423–24 (quoting *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009)); *see Craddock*, 133 S.W.2d at 126. The first *Craddock* element[3] is satisfied when the defendant's factual assertions, "if true, negate intentional or consciously indifferent conduct by the defendant and the factual

---

Samana, however, was not at the hearing; Appellants were represented only by counsel.

[3]Because resolution of *Craddock*'s first element is dispositive, we detail neither the law nor the evidence regarding the remaining two elements. *See Century Sports Wears, Inc. v. Wallis Bank*, No. 02-20-00201-CV, 2021 WL 1685957, at *2 (Tex. App.— Fort Worth Apr. 29, 2021, pet. denied) (mem. op.) ("[W]e will uphold the denial of the motion for new trial if the evidence in the appellate record supports the denial based on a failure to satisfy any of the three *Craddock* elements."); *see also* Tex. R. App. P. 47.4.

assertions are not controverted by the plaintiff." *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012). Conscious indifference means more than mere negligence and has been defined to mean "the failure to take action that would seem obvious to a reasonable person under the same circumstances." *McLeod v. Gyr*, 439 S.W.3d 639, 655 (Tex. App.—Dallas 2014, pet. denied). "The failure to respond must arise from more than mere negligence, and the element of conscious indifference can be overcome by a reasonable explanation." *In re Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021) (quoting *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012)).

"We look to whether the new-trial movant made factual assertions that, if true, negate intentional or consciously indifferent conduct and whether the non-movant controverted the movant's factual assertions." *Dixie House Café, Inc. v. Eckman*, No. 02-24-00280-CV, 2025 WL 285354, at *2 (Tex. App.—Fort Worth Jan. 23, 2025, no pet.) (mem. op.). In determining this issue, we look at all of the evidence in the record. *Id.*

When, as in this case, "no findings of fact and conclusions of law are filed, the denial of a motion to set aside the default judgment and for new trial must be upheld on any legal theory supported by the evidence." *Huey-You v. Kimp*, No. 02-16-00172-CV, 2018 WL 359633, at *5 (Tex. App.—Fort Worth Jan. 11, 2018, pet. denied) (mem. op.); *see Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984).

5

**B. Analysis**

Appellants attached one declaration to their amended motion, in which Samana averred that he was the President and Director of 1 Solar Solution, LLC. Samana's only substantive comments addressing the first *Craddock* element were:

> 10. As set forth in Defendants' Amended Motion to Vacate Default Judgment and Motion for New Trial filed in the present lawsuit, Defendants' failure to file an answer was because of accident or mistake rather than intentional or conscious indifference. On May 21, 2024, I sent a copy of the petition in this lawsuit to Capital Legal, whom I was led to believe was providing legal representation in this matter. I was led to believe Capital Legal had taken steps to represent me and did not know they had not filed an answer in the lawsuit. Once I became aware that Capital Legal was not a law firm, and that the individual I believed to be my attorney was not licensed to practice law, I began contacting attorneys to seek legal representation for 1 Solar Solutions and myself.
>
> 11. I first learned Plaintiff sought default judgment in this case when I received an email of a motion for default judgment via email on February 4, 2025. I was not aware the motion was set for hearing, nor did I know the motion had been granted, until my first meeting with the attorney who was ultimately retained to represent Defendants in this matter. Defendants' failure to file an answer prior to the default judgment was because of accident or mistake in that the entity I believed to be legal counsel had not filed an answer. As soon as I became aware of this mistake, I took steps to seek the representation who now appears for Defendants in this lawsuit.

In its response to Appellants' motion, Trendy argued that Appellants' statements in the motion and declaration "actually undermine and negate the establishment of [the] first *Craddock* factor." Among other criticisms, Trendy complained about the factually insufficient and conclusory statements in Samana's declaration, noting that Appellants did not state that "they entered into an actual

6

engagement with Capital Legal Services," "never presented additional facts to suggest that they had a basis for relying on Capital Legal Services to file an answer," and "never even explicitly indicate[d] that they expected Capital Legal Services to actually file an answer." Moreover, Trendy pointed out that Appellants were aware of the case for many months before Trendy's motion for default judgment was filed. Trendy also noted that while Appellants' deadlines to file answers were May 20, 2024 (for Samana individually), and May 27, 2024 (for 1 Solar Solution, LLC), Appellants still failed to take any action until after the motion for default judgment was filed on February 4, 2025.

In deciding if Appellants satisfied the first *Craddock* element, we must focus on their knowledge and conduct. *See In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006); *see also Ramirez v. LaCombe*, No. 01-17-00977-CV, 2019 WL 922058, at *3 (Tex. App.— Houston [1st Dist.] Feb. 26, 2019, no pet.) (mem. op.) ("To support the motion for new trial, the defendant must make factual allegations that are supported by evidence, such as accompanying affidavits setting forth facts, which, if true, satisfy the standard."). Here, we must examine Samana's declaration because Appellants presented no live witnesses at the hearing on the amended motion for new trial. *See Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("If a plaintiff contests the mistake/conscious indifference element, however, an evidentiary hearing with live witnesses is ordinarily required."); *see also Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994) ("Affidavits attached to

7

the motion for new trial do not have to be offered into evidence in order to be considered by the trial court for the meritorious defense element or any other element of the *Craddock* test."); *Puri*, 973 S.W.2d at 712 ("A motion for new trial to set aside a default judgment is a complaint on which evidence must be heard." (citing Tex. R. Civ. P. 324(b)(1))).

In one of only two specific dates mentioned in his declaration, Samana states that he did not send the citation and petition to "Capital Legal" until May 21, 2024, a date past the answer date for the individual claims against him. *See* Tex. R. Civ. P. 99(b). Then, according to Samana's declaration, he took no action until he received notice of the filing of the motion for default judgment more than eight months later—on February 4, 2025, the second specific date mentioned in the declaration. The declaration fails to identify who "Capital Legal" is, fails to explain with whom he spoke at "Capital Legal" and when, and fails to explain how he was "led to believe" that "Capital Legal" had taken steps to represent him. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992) (stating that when a defendant relies on his agent to file an answer, he must demonstrate that both he and his agent were free of conscious indifference). It also fails to explain what happened in the intervening days and months between May 21, 2024, and February 4, 2025.

Moreover, after February 4, 2025, the declaration reflects that Samana took no immediate action that would have prevented entry of the default judgment on February 9, 2025. Samana's declaration "makes clear that he understood an answer

8

was required, but nothing in the record indicates that he tried to file one on his own or contact either the trial court or opposing counsel in an effort to obtain additional time to do so." *Estrada v. Boss Exotics, LLC*, 703 S.W.3d 454, 459 (Tex. App.—Dallas 2024, no pet.); *see In re A.T.*, No. 05-16-00539-CV, 2017 WL 2351084, at *10 (Tex. App.—Dallas May 31, 2017, no pet.) (mem. op.) (stating that the knowledge and acts of the defaulting party may be considered when determining whether the failure to answer was due to intentional disregard or conscious indifference); *see also Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 168–69 (Tex. 2008) ("This pattern of ignoring deadlines and warnings from the opposing party amounts to conscious indifference."); *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 576 (Tex. 2006) (stating that consciously indifferent conduct occurs when "the defendant knew it was sued but did not care").

In short, Samana's declaration is factually insufficient and conclusory. *See Holt Atherton Indus., Inc.*, 835 S.W.2d at 82 (stating that conclusory allegations in affidavits are insufficient). The declaration provided insufficient factual proof to establish accident or mistake or the absence of conscious indifference that would justify a conclusion that the trial court abused its discretion in denying the motion for new trial. *See Century Sports Wears, Inc.*, 2021 WL 1685957, at *5 (finding that appellants' factually insufficient and conclusory affidavit failed to satisfy the first *Craddock* element and would not support a finding of abuse of discretion); *see also Motiograph, Inc. v. Matthews*, 555 S.W.2d 196, 197 (Tex. App.—Dallas 1977, writ ref'd n.r.e.)

9

("[T]hese statements are merely conclusory and do not set forth sufficiently specific facts from which the trial court or this court can determine whether the conscious indifference standard has been met.").[4]

On this record, the trial court reasonably could have found that Samana's explanation did not negate conscious indifference to filing an answer before judgment. *See Uptown RE Invs., LLC v. COP Enters., LLC*, No. 05-24-00906-CV, 2025 WL 1261944, at *4 (Tex. App.—Dallas Apr. 30, 2025, no pet.) (mem. op.). Therefore, we conclude that the trial court did not abuse its discretion by impliedly finding that Appellants did not meet their burden on *Craddock*'s first element and by denying their new-trial motion. *See Dixie House Café, Inc.*, 2025 WL 285354, at *6; *Century Sports Wears, Inc.*, 2021 WL 1685957, at *5. We overrule Appellants' first issue.

---

[4]In their brief, Appellants argue that their case is "closer to cases like *In re R.R.*, where a party's incorrect belief that they are represented by counsel is sufficient to negate conscious indifference." 209 S.W.3d at 115. But *R.R.*, a case involving the termination of parental rights, is distinguishable. There, the trial court had before it at the motion-for-new-trial hearing not only a detailed affidavit and live testimony from the mother whose rights were terminated but also the testimony of a caseworker that confirmed that she had mailed the mother information about the progress of the case, hearing dates, a service plan, and information about the children's progress but nevertheless failed to inform the mother that the hearing that was set was to terminate the mother's parental rights. *Id.* According to the supreme court, the mother's "affidavit and testimony . . . were to the effect that based on her prior experiences with the court system and her contacts with CPS, she believed no action on her part was necessary for her interests to be protected and for an attorney to be appointed for her without further action on her part." *Id.* That is unlike the situation here, where Samana never contends that he was misled by the opposing party and where he had additional notice before the default judgment was taken yet failed to take any action to prevent it.

## IV. CONCLUSION

Having overruled Appellants' first issue and needing not address the second issue,[5] we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered: October 23, 2025

---

[5]Because the first *Craddock* element is dispositive, we need not address the issue dealing with the other elements. *See* Tex. R. App. P. 47.4.